COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-190-CR
 
KEDDRECO K. DAVIS                                                              
APPELLANT
V.
THE STATE OF TEXAS                                                              
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Keddreco K. Davis appeals his
conviction by a jury of aggravated robbery with a deadly weapon. The jury
assessed Appellant's punishment at twenty years' confinement. In his sole point
on appeal, which contains several subparts, Appellant alleges he received
ineffective assistance of counsel at trial. We affirm.
BACKGROUND
Appellant was charged with aggravated
robbery with a deadly weapon. At the guilt-innocence phase of trial, Appellant
presented six alibi witnesses, all of whom essentially testified that Appellant
was at his younger brother's birthday party on the date and time that the
robbery in question occurred. During cross-examination of Tabitha Moffett, an
alibi witness and Appellant's aunt, the following exchange occurred:

        
 [The State]: And you were very close to [Appellant] during this time,
 practically raised him. Is that what you just told the jury?
        
 [Moffett]: Practically raised meaning that I've been in the family for 18
 years . . . and that I am aware of his characteristics. I am aware of when he
 was in school. I mean, I went to their house. My kids played with him.
        
 [The State]: You just said that you are aware of his characteristics. What do
 you mean by that?
        
 [Moffett]: He is a nice young man. He is very intelligent, very responsible.
        
 [The State]: When you say nice young man, what do you mean by that?
        
 [Defense Counsel]: Your Honor, I'm going to object as being repetitious.
        
 THE COURT: Overruled.
        
 [The State]: When you say nice young man, what do you mean by that?
        
 [Moffett]: Decent, honorable, honest.
 

At this point, the State asked to approach
the bench, where it argued that Moffett's testimony had opened the door to
impeachment evidence, and the trial court found that Moffett had "opened
herself up for impeachment or have you heard or did you know" questions. At
this point, defense counsel had not presented any good character evidence. The
State proceeded to impeach Moffett's testimony with "did you know"
questions that elicited approximately twenty-seven extrinsic offenses. Defense
counsel did not ask for a limiting instruction to limit the purposes of the
impeachment testimony.
STANDARD OF REVIEW
Appellant contends he received ineffective
assistance of counsel. We apply a two-pronged test to ineffective assistance of
counsel claims. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). First, Appellant must show that his counsel's performance was
deficient; second, Appellant must show the deficient performance prejudiced the
defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.
The second prong of Strickland
requires a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial whose result is reliable. Id.
at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 694, 104 S. Ct. at
2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must
be on the fundamental fairness of the proceeding whose result is being
challenged. Id. at 697, 104 S. Ct. at 2070.
ALLEGED GROUNDS OF
INEFFECTIVE ASSISTANCE
All three of the grounds that Appellant
contends constitute alleged ineffective assistance of counsel arose during the
guilt-innocence phase of trial. Appellant first asserts that defense counsel
failed to object to a series of "did you know" questions from the
State that let the jury hear evidence from Moffett regarding twenty-seven
"extrinsic bad acts" committed by Appellant.(2)
Our review of the record reveals that it is silent as to defense counsel's
reasoning, or lack thereof, for failing to object to the line of questioning. See
Thompson, 9 S.W.3d at 814. A silent record is seldom inadequate to prove
ineffective assistance of counsel. See id.
Appellant next complains that defense
counsel failed to request a limiting instruction that the evidence of extrinsic
bad acts was only admissible to impeach Moffett's statement that Appellant had
good character. The record contains no evidence as to defense counsel's
reasoning, if any, for not requesting a limiting instruction. Accordingly, the
record is insufficient to overcome the presumption that counsel's action
constituted trial strategy, and this claim must also fail. See Strickland,
466 U.S. at 700, 104 S. Ct. at 2071; Thompson, 9 S.W.3d at 814.
Lastly, Appellant's contention that
defense counsel inadequately prepared Moffett by not instructing her to not
broach the subject of Appellant's character, but to only testify regarding his
alibi, also fails. The record contains no evidence that defense counsel did not
instruct Moffett in this manner. Accordingly, the record is insufficient to
overcome the presumption that counsel rendered adequate assistance and this
claim must also fail. See Strickland, 466 U.S. at 690, 104 S. Ct. at
2066; Thompson, 9 S.W.3d at 814.
CONCLUSION
Because Appellant has failed to meet his
burden to rebut the presumption that trial counsel rendered adequate assistance
by showing that counsel's performance fell below an objective standard of
reasonableness, we overrule his sole point. See Strickland, 466 U.S. at
687, 104 S. Ct. at 2065. We affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: HOLMAN, DAY, and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant does not challenge the trial court's finding
that Moffett had opened the door to this line of questioning.